Filed 2/8/23  P. v. Avalos CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079623 |
| v. | (Super.Ct.No. INF053129) |
| VINCENT JOHNNY AVALOS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  William S. Lebov, Judge. (Retired judge of the Yolo Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Edward J. Haggerty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Lynne G. McGinnis and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

In 2007, a jury convicted defendant and appellant Vincent Johnny Avalos of attempted first degree murder (Pen. Code,[1] §§ 664, 187, subd. (a)), assault with a firearm (§ 245, subd. (a)(2)), and discharging a firearm in a grossly negligent manner (§ 246.3); it further found true the firearm enhancements (§§ 12022.5, subd. (a), 12022.53, subd. (c)). He was sentenced to life with the possibility of parole plus 20 years. On February 28, 2022, defendant filed a petition for resentencing pursuant to section 1172.6 (former section 1170.95).[2] After numerous continuances, the superior court denied the petition on August 12, 2022.

Defendant appeals, contending the superior court committed prejudicial error by summarily denying his petition based on the representations of the prosecutor and this court's prior opinion in his direct appeal, rather than reviewing the actual record of conviction. The People concede the superior court's error in failing to follow the proper procedure, but argue that it is harmless because the record of conviction demonstrates that the jury was not instructed on aiding and abetting principles, the natural and probable consequences doctrine, the felony-murder rule, or any other imputed malice theory.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered Penal Code section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.) The current section numbering will be used throughout this opinion.

Because the record of conviction[3] establishes defendant's ineligibility for resentencing relief as a matter of law, we affirm.

## I. PROCEDURAL BACKGROUND AND FACTS

*A. Defendant's Convictions.*

On January 25, 2006, the trial court ordered defendant to vacate his rental house in 15 days. He confronted the owner and manager of the property, telling them there would be "retribution for this." That same day, when the manager drove by the house, he noticed defendant exiting his car; the two made eye contact. The manager continued driving and, when he looked in his rearview mirror, he saw defendant's car following him. Later, the manager heard defendant's car accelerate and saw it coming up along the side of his (the manager's) car. The manager heard two gunshots, breaking glass from the backseat windows, and another three shots. The manager "hit the brakes and bent over to the passenger's side" until he heard the car pulling away. He dialed 911.

Sheriff's deputies observed bullet holes in the front windshield and the driver's side door, and shattered glass from the rear passenger and front driver's side windows. Based on the bullet holes, it was consistent with defendant driving next to the manager's car when the first shots were fired and then slightly in front of it when the second shots were fired.

---

[3] On December 13, 2022, we granted the People's request for judicial notice of the record in defendant's direct appeal (*People v. Avalos* (Oct. 16, 2008, E043700) [nonpub. opn.] (*Avalos*)), and augmented the record in this case by placing a copy of the prior record in E043700 as part of the record in the instant appeal. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

We affirmed the jury's verdict, rejecting the contention the evidence was insufficient to support a finding of premeditation and deliberation. (*Avalos*, *supra*, E043700.)

*B. Defendant's Petition for Resentencing.*

On February 28, 2022,[4] defendant petitioned for resentencing under section 1172.6, checking boxes on the form establishing a facially sufficient case for resentencing relief, including the boxes stating (1) he had been charged with murder by complaint, information, or indictment, which allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine or other theory; (2) he was convicted of attempted murder, and (3) he could not now be convicted of such crime because of changes made to sections 188 and 189. He requested the court appoint counsel. Neither party submitted written briefing in connection with the prima facie analysis.

At the August 12, 2022 hearing, the prosecution noted defendant's convictions and that the "opinion and instructions are in court imaging, and [were] provided to counsel." The prosecutor then argued: "This was a landlord/tenant dispute with a gun. The jury was not instructed on aiding and abetting, natural and probable consequences, or felony murder. None of those were on the cover sheet. The appeal was—the judgment was affirmed in Appellate Case E043700, in which the details are the defendant fired five to six shots in the victim's car, opinion on page 2. So five remittiturs, and the judgement

---

[4] According to the clerk's transcript, defendant's petition was first filed on February 22, 2022. It is unclear why the same petition was filed twice.

was still affirmed. The earlier petition was denied on 09/10/21. There has been no appeal to petitions filed. This petition is a duplicate of the one that was previously denied. We ask the Court to deny it at this time with prejudice." In response, defense counsel stated: "I did speak with [defendant]. He is objecting to his petition being dismissed." The superior court denied the petition "based on representations of counsel."

## II. DISCUSSION

The natural and probable consequences doctrine no longer provides a basis for finding a defendant guilty of attempted murder, and the scope of the felony-murder rule has been significantly limited. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) For individuals convicted of attempted murder under a natural and probable consequences theory, they may petition the superior court for resentencing pursuant to the procedure provided in section 1172.6. (*Lewis*, at p. 959.) If the section 1172.6 petition contains all the required information, including a declaration by the petitioner that he or she is eligible for relief based on all the requirements of subdivision (a), the court must appoint counsel to represent the petitioner upon his or her request. (§ 1172.6, subd. (b)(3).)

Further, upon the filing of a facially sufficient petition, the superior court is tasked with determining whether defendant has presented a prima facie claim for relief. (§ 1172.6, subd. (c).) "[T]he prima facie inquiry . . . is limited. . . . '"[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first

5

conducting an evidentiary hearing.'" (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  At the prima

facie hearing, the superior court can consider the record of conviction.  (*Id*. at pp. 970-

972.)  "'[I]f the record, including the court's own documents, "contain[s] facts refuting

the allegations made in the petition," then "the court is justified in making a credibility

determination adverse to the petitioner."'"  (*Id*. at p. 971.)  However, "a trial court should

not engage in 'factfinding involving the weighing of evidence or the exercise of

discretion.'"  (*Id*. at p. 972.)

Here, defendant's petition contained the minimum required allegations.  In

response, the prosecutor stated that defendant's convictions, the "opinion and instructions

are in court imaging, and [were] provided to counsel."[5]  Then he summarized the facts of

the case based on our prior nonpublished opinion in *Avalos*, *supra*, E043700.  While the

---

[5]  Under § 1172.6, subdivision (d)(3), "admission of evidence in the hearing shall
be governed by the Evidence Code, except that the court may consider evidence
previously admitted at any prior hearing or trial that is admissible under current law,
including witness testimony, stipulated evidence, and matters judicially noticed.  The
court may also consider the procedural history of the case recited in any prior appellate
opinion.  However, hearsay evidence that was admitted in a preliminary hearing pursuant
to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless
the evidence is admissible pursuant to another exception to the hearsay rule.  The
prosecutor and the petitioner may also offer new or additional evidence to meet their
respective burdens. . . ."

superior court could consider the record of conviction[6] in ascertaining whether a prima facie case has been stated, there is no evidence that it did so. Instead, the court specified that its denial was "based on representations of counsel." By its own admission, the court failed to independently review the record of conviction. Defendant contends we should reverse the superior court's order and remand with directions for the court to proceed according to the provisions of section 1172.6, subdivisions (c) and (d). We disagree. Although the summary denial constituted error, the error was procedural and subject to the state harmless-error analysis. (*Lewis*, *supra*, 11 Cal.5th at pp. 973-974; *People v. Watson* (1956) 46 Cal.2d 818, 836.)

The record of conviction here establishes that defendant is ineligible for resentencing under section 1172.6 as a matter of law. With respect to the charge of attempted murder, the trial court instructed the jury that it must find (1) "the defendant intended to kill that person" and (2) "the defendant acted willfully if he intended to kill when he acted." Additionally, the jury was instructed that the prosecution must prove that defendant personally used a firearm. The trial court *did not instruct* the jury on

---

[6] However, this does not include our appellate opinion. "[T]he factual summary in an appellate opinion is not evidence that may be considered at an evidentiary hearing to determine a petitioner's eligibility for resentencing. [Citation.] If such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage." (*People v. Flores* (2022) 76 Cal.App.5th 974, 988; see *People v. Clements* (2022) 75 Cal.App.5th 276, 292 ["[E]ffective January 1, 2022, the Legislature limited use of prior appellate opinions . . . . [T]rial judges should not rely on the factual summaries contained in prior appellate decisions when a section [1172.6] petition reaches the stage of a full-fledged evidentiary hearing."].)

aiding and abetting principles, the natural and probable consequences doctrine, the felony-murder rule, or any other imputed malice theory.

Consistent with the jury instructions, the trial prosecutor argued that defendant was the direct perpetrator of the attempted murder acting with the intent to kill. She did not argue any other theory of liability. In response, defense counsel asserted that this was a case of mistaken identity. Returning its verdict, the jury convicted defendant of attempted premeditated murder, assault with a firearm, and discharge of a firearm with gross negligence, and found that he personally used and intentionally discharged a firearm. The jury's finding that defendant had personally discharged a firearm at the manager establishes as a matter of law defendant's ineligibility for resentencing under section 1172.6. Because there is no reasonable probability he would obtain a more favorable result if, on remand, the superior court were to proceed according to the provisions of section 1172.6, subdivisions (c) and (d), the court's error in denying his petition was harmless. (See *People v. Watson*, *supra*, 46 Cal.2d at p. 836.)

## III.  DISPOSITION

The postjudgment order denying defendant's petition for resentencing under section 1172.6 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

FIELDS
J.

MENETREZ
J.

8